**David R. Jenkins, #95301**
**David R. Jenkins, P.C.**
**8050 N. Palm Avenue, Suite 300**
**Fresno, CA 93711**
**Telephone: (559) 264-5695**
**Facsimile: (559) 264-5693**
**Email: david@drjbklaw.com**

Attorney for Debtors
Ajitpal Singh and Jatinderjeet Kaur Sihota

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the matter of<br><br>　AJITPALSINGH and<br>　JATINDERJEET KAUR SIHOTA,<br><br>　　　Debtors. | Case No. 20-10945-A-12<br>Chapter 12<br>DC No. DRJ-2<br>Date: July 23, 2020<br>Time: 9:00 a.m.<br>Dept. A, Judge Clement<br>Fifth Floor, Courtroom 11<br>2500 Tulare Street, Fresno California |

# MOTION TO CONFIRM CHAPTER 12 PLAN
### DATED JUNE 10, 2020

　　　Ajitpal Singh and Jatinderjeet Kaur Sihota, ("Debtors") hereby move for the entry of an order confirming the Chapter 12 Plan that they filed on June 10, 2020. In support of this motion Debtors allege and site:

　　　1. This case was commenced by the filing of a voluntary petition for relief under Title 11 U.S.C. Chapter 12 on March 12, 2020. Debtors timely filed a Chapter 12 Plan on June 10, 2020 ("Plan"), a copy of which is being served concurrently with this motion.

　　　2. The Plan provides for the submission of future income to the supervision and control of the Trustee as necessary for the execution of the Plan.

3. The Plan provides for priority debt in accordance with 11 U.S.C.§1222(a)(2).

4. The Plan provides for substantially the same treatment of each claim in each class, with modest adjustments due to the specific circumstances of each creditor taking, into consideration relative risk and other factors.

5. The Plan complies with the requirements of the Bankruptcy Code.

6. The Debtors owe no fee, charge or amount to be paid under Title 28 of the United States Code, as such the Plan does not require any fees paid prior to confirmation.

7. The Plan has been proposed in good faith and not by any means forbidden by law.

8. The distribution under the Plan to each nonpriority unsecured claim is no less than would be paid on such claim if the Debtors were liquidated in a hypothetical chapter 7 as of the effective date of the Plan.

9. The Plan complies with the requirements for treatment of Debtors' secured creditors.

10. The Debtors will be able to make all the payments required under the Plan and to comply with the Plan.

11. The Debtors do not have any domestic support obligations.

12. The Debtors believe the Plan meets the requirements of 11 U.S.C. §§1222 and 1225.

13. The Plan was filed on June 10, 2020 and is set for hearing on confirmation on July 23, 2020 within the 45-day period as required in 11 U.S.C. § 1224. The Debtors request that should the court not conclude the confirmation hearing on July 23, 2020 that the court extend the time for the confirmation of the Plan to the continued hearing date.

Based on the foregoing the Debtors pray for an entry of an order confirming their chapter 12 plan. The Debtors further pray for the inclusion of the following language, which was inadvertently omitted from the plan in the order confirming the plan:

**Class 3.4.** Class 3.4 shall include all amounts allowed to a Class 3 or Class 4 claimholder pursuant to 11 U.S.C. § 506(b) accrued between the petition date and the Effective Date of the Plan. The amount of the Class 3.4 claim shall be determined as provided in this paragraph. If the claimholder seeks payment of post-petition interest, fees, costs or expenses pursuant to 11 U.S.C. § 506(b), the claimholder shall, within 30 days after the Effective Date, file and set for hearing a motion setting forth (1) a calculation of interest owed, and (2) an itemization of the fees, costs and expenses requested. If such motion seeks payment of the claimholder's attorneys' fees, the motion shall provide (1) an explanation of the reasonableness of the attorneys' fees being sought, and (2) attorneys' billing statements, which may be redacted as necessary, so long as the reasonableness of the fees may still be ascertained. At any hearing on the motion, the claimholder shall have the burden of proof to demonstrate

the accuracy of the calculation of interest and the reasonableness of any fees, costs and expenses requested. After such hearing, the Court shall determine the allowed amount of the Class 3.4 claim, which shall be the principal balance for treatment of the claim as provided below. In lieu of the foregoing, Debtors and the Class 3 creditor may stipulate to the amount of the Class 3.4 claim, and such stipulation will be effective upon Court approval pursuant to F.R.B.P. 9019. Class 3 claimholders may file additional motions or stipulations with the Debtors using the procedure under this section no more than once annually to have fees, costs, or expenses allowable pursuant to Section 506(b) incurred after the Effective Date added to its Class 3 claim.

Dated: June 18, 2020

                                    **/s/ David R. Jenkins**

                                    David R. Jenkins, Attorney for Debtors